# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE MALDONADO, | ) | 1:08-CV-01308 LJO GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| v. | ) | |
| | ) | [Doc. #15] |
| | ) | |
| J. HARTLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction in 1981 of first degree murder with use of a firearm. See Exhibit 2, Respondent's Motion to Dismiss ("Motion"). Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison. Id.

On May 9, 2005, Petitioner appeared at a subsequent parole consideration hearing. Id. At the

conclusion of the hearing, the Board of Parole Hearings ("Board") determined Petitioner was suitable for parole. Id. However, on September 27, 2005, the Governor overturned the Board's decision and found Petitioner unsuitable for parole. On May 31, 2006, the Board met again and determined Petitioner was unsuitable for parole.

On April 17, 2006,[1] Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. See Exhibit 2, Motion. The petition was denied on June 18, 2007. See Exhibit 3, Motion. On January 3, 2008, Petitioner filed a petition in the California Court of Appeals. See Exhibit 4, Motion. The petition was denied on January 24, 2008. See Exhibit 5, Motion. On February 17, 2008, Petitioner petitioned for review in the California Supreme Court. See Exhibit 6, Motion. That petition was denied on August 13, 2008. See Exhibit 7, Motion.

On August 28, 2008, Petitioner filed the instant federal petition for writ of habeas corpus challenging both the Governor's 2005 decision and the Board's 2006 decision. On January 12, 2009, Respondent filed a motion to dismiss the claims involving the Governor's decision for violating the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on March 10, 2009. Respondent filed a reply on March 19, 2009.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date that Petitioner signed and delivered it to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on August 28, 2008, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

| | |
|---|---|
| 1 | 28 U.S.C. § 2244(d). |
| 2 | In a situation such as this where the petitioner is challenging a parole determination, the |
| 3 | Ninth Circuit has held that the statute of limitations commences when the parole board or governor |
| 4 | renders its decision. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that |
| 5 | § 2241(d)(1)(D) applies in the context of parole decisions and that the parole board's denial is the |
| 6 | "factual predicate" of the inmate's claim that triggers the commencement of the limitations period). |
| 7 | Thus, the triggering event under § 2244(d)(1)(D) was the Governor's September 27, 2005, denial of |
| 8 | parole. The limitations period therefore expired one year later on September 27, 2006. Petitioner did |
| 9 | not file his federal petition until August 28, 2008, almost two years after the limitations period had |
| 10 | expired. |
| 11 | C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2) |
| 12 | Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application |
| 13 | for State post-conviction or other collateral review with respect to the pertinent judgment or claim is |
| 14 | pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In |
| 15 | Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is |
| 16 | properly pursuing post-conviction relief, and the period is tolled during the intervals between one |
| 17 | state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the |
| 18 | state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. |
| 19 | 1999), *cert. denied,* 120 S.Ct. 1846 (2000). |
| 20 | As previously stated, the statute of limitations began to run on September 27, 2005. Petitioner |
| 21 | filed his first state habeas petition on April 17, 2006. At that point 202 days of the limitations period |
| 22 | had run. The petition was denied on June 18, 2007. Petitioner delayed filing his next state habeas |
| 23 | petition for six and one-half months until January 3, 2008, when he filed in the California Court of |
| 24 | Appeals. State petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the |
| 25 | state court explicitly states that the post-conviction petition was timely, or it was filed within a |
| 26 | reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 |
| 27 | U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been filed |
| 28 | untimely in state court will not satisfy the requirements for statutory tolling. Id. In Evans, the |

Supreme Court found a filing delay of six months to be presumptively unreasonable under California law. Id. at 201. In his opposition, Petitioner argues the six month delay should be excused because he did not receive actual notice of the superior court's denial for 35 days after the denial was issued. This argument is unpersuasive. The correct triggering date is not the date Petitioner actually received notice; it is the date the state court renders its decision. Evans, 546 U.S. at 192-93. In addition, despite receiving his notice 35 days late, Petitioner did not then promptly pursue his remedies in the appellate court. He delayed for a substantial period of time, over five months, before filing in the appellate court. Therefore, the second petition was untimely filed since Petitioner delayed over six months without good cause.[2] For this reason Petitioner is not entitled to gap tolling between the denial of the first state habeas petition and filing of the second. Accordingly, the statute of limitations resumed on June 19, 2007. With 163 days remaining, the limitations period continued to run until it expired on November 29, 2007. Petitioner's subsequent habeas petitions did not operate to toll the limitations period, because the limitations period had already expired. Once the limitations period has run, it cannot be revived by a collateral action. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Therefore, the instant federal petition remains untimely.

Petitioner also argues he should be granted tolling for the time a separate petition was pending in the state superior court regarding the Board's 2006 decision. As noted above, § 2244(d)(2) provides for tolling only during that "time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending . . . ." (Emphasis added.) Since the petition did not concern the 2005 decision of the Governor but the 2006 decision of the Board, it did not toll the limitations period with respect to Petitioner's claims challenging the Governor's decision.

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

---

[2]Petitioner also argues that there is a 180 day time limit for filing an appeal in the appellate court. This is incorrect. In California there is no specific time period for pursuing the appeal. Rather, the appeal must be made within a "reasonable" amount of time. However, the Supreme Court in Evans stated that California's "reasonable time" standard should be construed so as not to lead to filing delays substantially longer than those in States with determinate timeliness rules, such as 30 to 60 days. Evans, 546 U.S. at 199-200.

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason which would justify equitably tolling the limitations period. Respondent's motion to dismiss should be granted.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and those claims challenging the Governor's 2005 decision be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 27, 2009**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE